UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yechiel Halbertal,<br><br>        Plaintiff,<br><br> -v.-<br><br>National Recovery Agency.<br><br>        Defendants. | Case No.: 1:21-cv-3890<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yechiel Halbertal (hereinafter, "Plaintiff") brings this Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant National Recovery Agency ("NRA"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* the Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens.

8. Defendant NRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 2491 Paxton Street, Harrisburg, PA 17111.

9. Upon information and belief, Defendant NRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats the above allegations as if set forth here.

11. Some time prior to August 12, 2016, an obligation was allegedly incurred by Plaintiff to East River Medical Imaging ("East River").

12. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal medical services for childbirth.

13. The alleged East River obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. East River is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

15. Upon information and belief, East River contracted with Defendant NRA to collect the alleged debt.

16. Defendant NRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. On or about April 26, 2021 Plaintiff mailed a signed letter (the "Letter") to NRA via United States Postal Service mail under tracking number 7021 0350 0001 0441 7517.

18. The Letter referenced Plaintiff's alleged debt with NRA.

19. The Letter stated that Plaintiff disputed the debt and requested verification.

20. The Letter demanded that NRA immediately cease all further communication other than the following:

    a. Notification of results of NRA's verification.

21. NRA received the Letter on April 28, 2021.

22. After receipt of the Letter, NRA continued to contact Plaintiff in an attempt to collect the aforementioned debt.

23. On information and belief, NRA, through one or more employees, attempted to contact Plaintiff more than five (5) times after receiving the Letter.

24. Defendant's continued contact with Plaintiff served to harass Plaintiff.

25. Defendant's actions caused Plaintiff fear, anxiety, stress, and confusion as he specifically requested that Defendant cease all communication.

26. This caused Plaintiff to be misled as to the status of the debt and to his rights.

27. Defendant's actions were false, harassing, deceptive, and/or misleading.

28. Plaintiff was concerned and confused by Defendant's actions.

29. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

30. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

31. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

32. Defendant's action caused Plaintiff to expend further time communicating with his attorney.

33. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain proper procedures reasonably adapted to avoid any such violations.

34. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

35. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affect and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could adequately respond to Defendant's demand for payment of this debt.

36. As a result of Defendant's debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

37. Plaintiff repeats the above allegations as if set forth here.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

39. Pursuant to 15 U.S.C. §1692c:

   c. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except [listing exceptions not applicable here] …

40. Defendant violated this section by:

   1) communicating with the consumer multiple times after being notified in writing to cease communication, in violation of § 1692c (c).

41. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

42. Plaintiff repeats the above allegations as if set forth here.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

44. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

45. Defendant violated this section by:

   a. contacting a party after being directed to cease communications.

46. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yechiel Halbertal demands judgment from Defendant NRA as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 9, 2021                          Respectfully submitted,

**Horowitz Law PLLC**

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
144-41 70th Road
Flushing, NY 11367
Phone: (718) 705-8700 ext. 126
Fax: (718) 705-8705

*Attorneys for Plaintiff*